**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**EUGENIA CAMPBELL and DEMETRIUS CAMPBELL                        PLAINTIFFS**

**VS                                          CIVIL ACTION NO. 4:14-CV-069-DMB-JMV**

**CITY OF INDIANOLA, MAYOR STEVE ROSENTHAL,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CHIEF RICHARD
O'BANNON, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, and OFFICER SCOTT HAGERMAN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY                                DEFENDANTS**

**DEFENDANTS' REBUTTAL BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Defendants, City of Indianola, Mayor Steve Rosenthal, in his Individual and Official Capacity, Chief Richard O'Bannon, in his Individual and Official Capacity, and Officer Scott Hagerman, in his Individual and Official Capacity, by and through counsel, and file this their Rebuttal Memorandum in Support of their Motion for Summary Judgment for the following reasons, to-wit:

    1.    **Officer Scott Hagerman is entitled to qualified immunity as his actions taken to arrest Plaintiff Demetrius Campbell were objectively reasonable.**

The Fifth Circuit has recently reaffirmed the objective reasonableness standard in <u>Dawson v. Anderson County</u>, 566 Fed. Appx. 369 (5th Cir. Tex., May 6, 2014). In that case, Claudia Dawson was arrested by Palestine, Texas, police for public intoxication and interference with public duties. She was taken to the county jail and ordered to perform a strip search. During that search, Dawson was stripped naked and ordered to "squat and cough." Dawson testified she initially complied, but then refused successive search commands. She was shot with a pepper ball gun twice, once in the leg and once in the abdomen. The Fifth Circuit found that they could not conclude that all

reasonable officers would believe that the use of force in this case violated the Fourth Amendment, because Dawson did not comply with successive search commands. Measured force used on an arrestee who refuses immediately successive search orders cannot be deemed objectively unreasonable under the Fifth Circuit's qualified immunity case law. Id. at 370-71.

In addition, the recent case of Brooks v. City of West Point, 2014 U.S. Dist. LEXIS 60604 (N.D. Miss. May 1, 2014), provides a similar fact pattern. Plaintiff Brooks called the West Point Police Department to inquire about making a complaint of telephone harassment against his sister. Officer Burchfield responded and discussed the matter with Brooks in the driveway. Brooks became upset with Officer Burchfield and began to curse him. Burchfield advised he would arrest Brooks for being disorderly. Brooks cursed at him again. Officer Burchfield attempted to arrest Brooks for disorderly conduct, but Brooks ran into the house. After backup arrived, Officer Burchfield knocked on Brooks' front door. Brooks ran from a side door. An officer grabbed Brooks' arm in an attempt to place it behind his back, and Brooks pulled away. Brooks was eventually brought into custody and charged with disorderly conduct, resisting arrest, and simple assault on a police officer. Id. at *4. (Note: Campbell was charged with resisting arrest and failure to obey an officer.) Brooks filed suit alleging that his arrest lacked probable cause and was the result of retaliation on the part of Officer Burchfield for Brooks' exercise in his right to free speech under the First Amendment.

Judge Aycock, in drafting the Brooks opinion, found that qualified immunity for the arresting officers was appropriate. Brooks admitted that he pulled his arm away from Officer Spradling and struggled against the officers when they were trying to effectuate the arrest. Accordingly, the Court found that probable cause to arrest Plaintiff was present at the moment of arrest, therefore qualified immunity was applicable. Id at *13- 14.

In the case at hand, probable cause to arrest is also present. Demetrius Campbell admitted under oath that he did not comply with Officer Hagerman's initial commands, specifically that he did not move when Hagerman told him to move.

> Q: "Did you fail to move when the officer told you to do so?"
> A: "*Yeah*. I went to my grandma. I went back to the truck. She was going to get in the truck. I went to her."
> Q: "So you did not do what the officer told you, is that correct?"
> A: "*Yeah*. If you say that, yeah. The investigation over."
> Q: "I'm not worried about the investigation scene. The question is the officer told you to move, and you refused to do so; is that correct?"
> A: "*Yeah*."[1]

Plaintiff has the right to be free from false arrest. However it is clear, even in the light most favorable to Plaintiff Demetrius, that probable cause for failure to obey an officer and for resisting arrest <u>existed at the time of arrest</u>. Plaintiff was not simply checking on his grandmother. Plaintiff disobeyed the lawful commands of an officer and elected to fight back when he was told he was being placed under arrest. The actions of Officer Hagerman were objectively reasonable. Qualified immunity is appropriate.

   2.   **Officer Hagerman's actions toward Plaintiff Eugenia were reasonable; therefore, her claims fail as a matter of law.**

Plaintiffs argue that because Eugenia was never convicted of any crime when she was "forcefully shoved to the ground," her claims should not fail. [DOC. 21 at p.7]. There simply is no evidence from which to infer that Officer Hagerman intended to exercise any force against Plaintiff Eugenia. Further, even if it was Hagerman's fault that Plaintiff Eugenia fell, Hagerman's

---

[1] Exhibit E, Probable Cause Hearing Transcript, P11, L23-29.

actions were not intentional. Negligent or accidental conduct by police officers does not rise to the level of a constitutional violation.[2] To be clear, Defendants do not argue that Plaintiff Eugenia's claims are barred by Heck. She was never charged with a crime. However, though she was not charged with a crime, Plaintiff Eugenia admits she was actively interfering with the arrest of Plaintiff Demetrius.

> Q: And you were trying to break up whatever he was doing to your grandson?
> A: I wasn't trying to break it up. ***I was just trying to get in between them, you know***, because there wasn't nothing I could do.
> Q: What would you have done if you got between them?
> A: Well, just stand there. That's all I could do.[3]

There is no evidence of intentional injury. Plaintiff Eugenia admits under oath that she attempted to interfere with Hagerman's arrest of Plaintiff Demetrius, which was based on probable cause. She fell when she was trying to get between the parties. Qualified immunity is appropriate.

   3. **Defendants City of Indianola, Mayor Rosenthal, and Chief O'Bannon are not liable for failure to train or supervise.**

Plaintiffs also name Chief O'Bannon of the Indianola Police Department as a Defendant for also failing to argue that he is a policymaker. A chief of police does not make policy. In Henderson v. Garnett, 2012 U.S. Dist. LEXIS 118470, 11-12 (N.D. Miss. Aug. 22, 2012), Plaintiff Henderson brought a §1983 claim against Starkville Police Chief David Lindley. Judge Aycock, in her opinion dismissing the claim, found that as Police Chief, Lindley's actions do constitute City policy. See Taylor v. Town of DeKalb, Miss, Civ. Action No. 4:06cv124STL-LRA, 2009 U.S. Dist. LEXIS

---

[2]Brower v. County of Inyo, 4 S. U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).

[3]Exhibit E - Probable Cause Hearing Transcript, P4, L14-20.

51743, 2009 WL 174823, 4 (S. D. Miss. June 19, 2009) (citations omitted). The Henderson opinion found that since Plaintiff made no allegation that Chief Lindley was in any way *personally involved* in Henderson's arrest or prosecution for robbery and kidnapping, his actions cannot constitute a policy under which to attach municipal liability. See Kohler v. Englade, 470 F.3d 1104, 1115 (5th Cir. 2006) (finding that a plaintiff suing a police chief must show his *personal involvement* in the constitutional violation or a sufficient causal connection between his conduct and the violation). Henderson failed to demonstrate that a municipal policy led to any constitutional deprivation in this case.

A similar situation is present in the current case. Indianola Police Chief O'Bannon had no personal involvement in the arrest or detention of Campbell. The City of Indianola cannot be held liable through a theory of Chief O'Bannon as policymaker. Similar argument applies to Mayor Rosenthal as set forth in Defendants' Memorandum in Support of MSJ [DOC. 15, pg. 16]. Finally, Officer Hagerman was a certified officer in the State of Mississippi at the time of the incident.[4] Plaintiffs have not shown that the City of Indianola was deliberately indifferent in their training or supervision of its police officers nor that those inadequate policies caused injury to either Plaintiff. Ray v. City of Columbus, 2011 U.S. Dist. LEXIS 92068 (N.D. Miss. Aug. 17, 2011).

    **4.**    **State Law Claims are barred by the police protection exemption of the MTCA.**

Mississippi Code Annotated Section 11-46-9(1)(c) exempts from liability a governmental entity and its employees acting within the course and scope of their employment or duties for any claim:

---

[4] Exhibit J - Mississippi Law Enforcement Officers' Training Academy Certificate, 7/12/12.

> [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.
> § 11-46-9(1)(c).

The Mississippi Supreme Court has held that "reckless disregard is a higher standard than gross negligence and 'embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.'" Collins v. Tallahatchie County, 876 So. 2d 284, 287 (Miss. 2004) (citing Turner v. City of Ruleville, 735 So. 2d 226, 230 (Miss. 1999)). Also, it is usually "accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." Maldonado v. Kelly, 768 So. 2d 906, 910 (Miss. 2000).

Any claims which may be read to encompass a cause of action under state law by either Plaintiff Demetrius or Eugenia must be dismissed because it is clear that the actions of Officer Hagerman in his use of force to arrest Plaintiff Demetrius and his accidental contact with Plaintiff Eugenia do not rise to the level of "reckless disregard" as defined above.

Further, Demetrius was engaged in a criminal activity at the time he was arrested. Baskin v. City of Houston, 2008 U.S. Dist. LEXIS 82455 (N.D. Miss. Oct. 16, 2008). Demetrius's sworn testimony reflects he refused to obey a lawful order of Officer Hagerman when so requested (see transcript excerpt above). Demetrius was tried and convicted on those charges.[5] They are currently on appeal. Plaintiff Eugenia also admits she interfered with the arrest (see transcript excerpt above). She was never charged.

---

[5] Exhibit C - Indianola Municipal Court Abstract of Court Record for Demetrius Campbell.

Resisting a lawful arrest is most definitely a criminal act under Mississippi law. Miss. Code Ann. § 97-9-73. Disorderly conduct/failure to comply is also a criminal act under Mississippi law. Miss. Code Ann. § 97-35-7(1). Through their own admissions under oath, there is no genuine issue of material fact as to whether either Defendant was engaged in a criminal activity at the time of the arrest of Demetrius and the claimed injury to Eugenia, and Defendants are entitled to an award of immunity as set forth in Section 11-46-9(1)(c).

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that Plaintiffs' cause of action be dismissed.

**Respectfully submitted** this 23rd day of October, 2014.

    **CITY OF INDIANOLA, MAYOR STEVE ROSENTHAL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CHIEF RICHARD O'BANNON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, and OFFICER SCOTT HAGERMAN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DEFENDANTS**

By: */s/ Michael S. Carr*
    Daniel J. Griffith, MSB No. 8366
    Michael S. Carr, MSB No. 102138
    Attorneys for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153

**CERTIFICATE OF SERVICE**

  I, Michael S. Carr, counsel of record for Defendants City of Indianola, Mayor Steve Rosenthal, in his Individual and Official Capacity, Chief Richard O'Bannon, in his Individual and Official Capacity, and Officer Scott Hagerman, in his Individual and Official Capacity, do hereby certify that on this day, I electronically filed the foregoing ***Defendants' Rebuttal Brief in Support of Motion for Summary Judgment*** with the Clerk of the Court using the ECF system which gave notification of such filing to the all counsel of record who have appeared in this action.

  This the 23rd day of October, 2014.

                By: /s/ ***Michael S. Carr***
                   Michael S. Carr, MSB #102138