**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**EUGENIA CAMPBELL and DEMETRIUS CAMPBELL**       **PLAINTIFFS**

**v.**       **CIVIL ACTION NO.: 4:14-CV-069-DMB-JMV**

**CITY OF INDIANOLA, MAYOR STEVE ROSENTHAL,
IN HIS INDIVIDUAL AND OFFICAL CAPACITY, CHIEF RICHARD
O'BANNON, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, and OFFICER SCOTT HAGERMAN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY**       **DEFENDANTS**

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW, Plaintiffs Eugenia Campbell and Demetrius Campbell, by and through counsel, and file this, their PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, and would show unto the Court, the following:

**INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

This matter arises out of an incident that occurred on or about July 23, 2013, in which Plaintiffs were viciously and wrongfully attacked by IPD Officer Scott Hagerman. As a result of the attack, Plaintiffs suffered injuries to their bodies as a whole. On or about April 17, 2014, Plaintiffs filed suit in the Circuit Court of Sunflower County against Defendants City of Indianola, Mayor Steve Rosenthal, Chief Richard O'Bannon, and Officer Scott Hagerman, seeking an unspecified amount of damages from and against them. On or about May 15, 2014, this matter was removed from the Circuit Court of the Fourth Judicial District of Sunflower County, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(b) and (c), and transferred to United States District Court for the Northern District

of Mississippi, Greenville Division.

On or about September 25, 2014, Defendants filed a Motion for Summary Judgment along with a Memorandum in Support of Defendants' Motion. Defendants allege that Plaintiffs claims are barred by *Heck* and the doctrine of collateral estoppel. Additionally, Defendants have asserted the defense of qualified immunity. These assertions are untrue and Defendants' motion should not be granted.

### SUMMARY JUDGMENT AND QUALIFIED IMMUNITY STANDARDS

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McDonald's v. Entergy Operations, Inc.*, 2005 WL 2474701 (S.D. Miss. 2005). Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Id. citing Kennet-Murray Corp. v. Bone,* 622 F.2d 887 (C.A.Ala., 1980)(emphasis added).

In considering a motion for summary judgment, the court must consider all materials in the light most favorable to the party opposing the motion for summary judgment. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970), *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). As the moving party, the Defendants have the burden of proof to show that there exist no genuine issues of material fact. Any reservations the court has concerning the evidence will preclude summary judgment, since the nonmoving party is

entitled to have evidence considered in the light most favorable to it. *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257 (1991), Fed. Rules Civ. Proc. Rule 56, 28 U.S.C.A. Further, a nonmoving party can defeat a motion for summary judgment by demonstrating that evidence tendered by the moving party is itself lace with contradictions of fact. *Id.*

The doctrine of qualified immunity bars civil liability claims against government officials unless the plaintiff proves: 1) the individual's conduct violates a clearly established statutory or constitutional right, and 2) his conduct was objectively unreasonable in light of the clearly established law." *McClendon v. City of Columbia*, 305 F.3d 314 at 322 (5th Cir. 2002).

According to the Fifth Circuit, the first step in the two prong analysis is to determine whether the governmental official violated a statutory or constitutional right of the plaintiff. *Id.* If the governmental official has violated the plaintiff's statutory or constitutional rights, then the plaintiff has to prove that the right was clearly established and that the violation was unreasonable. *Goodman v. Corpus Christi,* 202 F.3d 730, 736 (5th Cir. 2000). The test used for the second prong is to determine "whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Id*. Once the plaintiff has demonstrated that the government official has violated a clearly established statutory or constitutional right, he must then demonstrate that the government official's conduct was objectively unreasonable in light of the clearly established law. *McClendon v. City of Columbia*, 305 F.3d 314 at 322 (5th Cir. 2002).

"Objective reasonableness is a matter of law for the courts to decide[.]" *Williams*

*v. Bramer*, 180 F.3d 699, 702 (5th Cir. 1999). The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir.1998). Therefore, "even law enforcement officials who 'reasonably but mistakenly [commit a constitutional violation]' are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227, 116 L. Ed. 2d 589, 112 S. Ct. 534 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987)). In terms of law being "clearly established," "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640; *see also Wilson*, 119 S. Ct. at 1699.

In *Bigford v. Taylor*, 896 F.2d 972 (5th. Cir. 1990), the court held that whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). For the legal rules to be considered "clearly established," the "contours" of the right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates the right"; that is, "in the light of preexisting law the unlawfulness must be apparent." *Id.* at 3039.

## ARGUMENT AND LEGAL ANALYSIS

### I. Defendants' collateral estoppel argument bears no weight, as the issue of Defendant Hagerman's excessive force has not been properly litigated.

"Collateral estoppel, or issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the

prior judgment, whether or not the issue arises on the same or a different claim." *Bell v. Texaco, Inc.*, 2010 WL 5330729 (S. D. Miss. 2010). "These adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment. The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing. The standard is the same as that for arrest. That standard—probable cause to believe the suspect has committed a crime—traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof." *Gerstein v. Pugh,* 420 U.S. 103, 120 (1975). Defendants properly cite the three-part test in their memorandum to determine whether collateral estoppel was appropriate. However, they improperly apply the test. Plaintiffs now offer a proper analysis of the three-part test.

Under federal law, there are three prerequisites to the application of collateral estoppel: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action. *Pace v. Bogalusa City Sch. Bd.,* 403 F. 3d 272, 290 (5th Cir. 2005). The main error that Defendants point to in their memo is that the issue at hand has not been litigated. It is clear from *Gerstein* that a probable cause hearing is decided by a magistrate based on hearsay and written testimony. *Blacks Law Dictionary* defines the term litigation as "[t]he process of carrying on a lawsuit." *Blacks,* (9th ed. 2009) (West 2014). In the probable cause hearing, no litigation has taken place. The magistrate only determined that there was no probable cause based on hearsay and

written testimony. The parties were not afforded the right to counsel to zealously litigate on their behalf. Additionally, the Plaintiffs were not afforded the right to have their case heard before triers of fact. The magistrate made the ultimate decision, not a jury. Plaintiffs should be afforded their constitutional rights to due process.

The Mississippi Supreme Court has held that "the first basic requirement essential for the operation of collateral estoppel ... is that the parties to the original action must be the same parties to the subsequent action." *Bell* at *2. Additionally, "[t]he Fifth Circuit has determined that "[u]nlike federal common law, Mississippi state law does not permit the offensive use of collateral estoppel." *Id.* Here, Defendants have relied heavily on the probable cause hearing to deny Plaintiffs the right to litigate their excessive force claims against Defendants. However, the Mississippi Supreme Court has determined that the lack of the same parties will deny Defendants from asserting the doctrine of collateral estoppel against Plaintiffs. In the probable cause hearing, Plaintiffs were not a party to the suit. The suit was between the State of Mississippi and Defendant Hagerman. (Exhibit A.) If this Court deems that the parties are the same, they should note that the claims of Plaintiff Eugenia have never been litigated. Defendants have negligently disregarded Plaintiff Eugenia's claims of excessive force. If Plaintiff Eugenia's claims were not heard in the probable cause hearing, the doctrine of collateral estoppel fails, as she has not been able to litigate her claims against Defendants. Denying Plaintiff Eugenia her right to litigate her claims against Defendant Hagerman would be unconstitutional. Defendants' collateral estoppel argument must fail. Defendants' motion must be denied.

  **II.**  **Plaintiffs claims are not barred by *Heck v. Humphrey*.**

Once a defendant pleads the defense of qualified immunity, the trial judge must

first determine whether the plaintiff has alleged a constitutional violation at all under current law, and, if the plaintiff has done so, the judge then determines whether the defendant's actions were "objectively reasonable" with reference to "clearly established law" at time of conduct in question. *Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998). As shown above, in order to establish a claim for violation of civil and/or constitutional rights by a government official, the plaintiff must first identify the "clearly statutory or constitutional right" violated by the government official. *McClendon v. City of Columbia*, 305 F.3d 314 at 322 (5th Cir. 2002). Here, Plaintiffs have successfully identified the constitutional rights that were violated by the Defendants.

To state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable. *Stepney v. City of Columbia*, 695 F.Supp.2d 412 (S.D. Miss. 2010). Defendants allege that Plaintiff's claims should fail because he essentially agreed to the convictions in the probable cause hearing. This assertion is untrue. Plaintiff Demetrius pled not guilty, but was found guilty by Municipal Court Judge Alsee McDaniel. Plaintiff Demetrius filed a Notice of Appeal on May 6, 2014. (Exhibit C.) On March 31, 2015, Plaintiff Demetrius' appeal was brought on hearing in the Circuit Court of Sunflower County, Mississippi. As a result of this hearing, the Honorable Margaret Carey-McCray reversed the convictions entered by the Municipal Court of Indianola, Mississippi. (Exhibit D). Nonetheless, Plaintiff's excessive force claim is viable because Defendants' viciously assaulted Plaintiff Demetrius after he was restrained. The force asserted on Plaintiff Demetrius was excessive to the need, objectively unreasonable, and caused injury to Plaintiff. (Exhibits

E & F). Additionally, Plaintiff Eugenia was never convicted of any crime when she was forcefully shoved to the ground. She was not engaged in any criminal activity that would bar her claims from being litigated. Therefore, Plaintiffs' claims should not fail.

The Defendants in the instant action are not entitled to immunity, as Plaintiffs' § 1983 action for excessive force protection and the reversal of Plaintiff Demetrius' convictions present a sufficient factual basis for a reasonable jury to conclude that Plaintiffs were not resisting arrest, nor engaging in any type of criminal activity *at the time of the subject incidents*. *Id*. at 418 (held that in a §1983 action against a police officer by driver who was injured during traffic stop, alleging use of excessive force in violation of the Fourth Amendment, the evidence when viewed in the light most favorable to the driver, showed that the amount of force used by the officer was excessive and unlawful, and was objectively unreasonable in light of the clearly established law, and thus, the officer was not entitled to qualified immunity; driver presented a sufficient factual basis for a reasonable jury to conclude that he was not resisting arrest either actively or passively when the officer physically pulled him from his car and threw him to the ground). (Exhibit D). As the Court held in *Stepney*, so should this Honorable Court hold here, that Plaintiffs' factual allegations are sufficient to establish that the Defendants violated Plaintiffs' clearly established constitutional right of excessive force protection. Because Plaintiffs were not engaged in any criminal activity at the time they sustained their injuries, **while under the custody of** Defendants, *Heck v. Humphrey* does not bar this claim. Defendants' motion must be denied.

  **III.**  **Officer Hagerman is not entitled to qualified immunity.**

The doctrine of qualified immunity bars civil liability claims against government

officials unless the plaintiff proves: 1) the individual's conduct violates a clearly established statutory or constitutional right, and 2) his conduct was objectively unreasonable in light of the clearly established law." *McClendon v. City of Columbia*, 305 F.3d 314 at 322 (5th. Cir. 2002).

According to the Fifth Circuit, the first step in the two-prong analysis is to determine whether the governmental official violated a statutory or constitutional right of the plaintiff. *Id.* If the governmental official has violated the plaintiff's statutory or constitutional rights, then the plaintiff has to prove that the right was clearly established and that the violation was unreasonable. *Goodman v. Corpus Christi,* 202 F.3d 730, 736 (5th. Cir. 2000). The test used for the second prong is to determine "whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Id*.

The second prong of the qualified immunity test is better understood as two separate inquiries: whether the allegedly violated constitutional rights were *clearly established at the time of the incident*; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law. *See* Pierce v. Smith, 117 F.3d 866 (5th Cir. 1997); Rankin, 5 F.3d at 108 ("When evaluating whether a plaintiff *stated* a constitutional violation, we looked to currently applicable constitutional standards. However, the objective reasonableness of an official's conduct must be measured with reference to the law *as it existed* at the time of the conduct in question.") (internal quotes and citations omitted) (emphasis added).

Despite Defendant Hagerman's claim that there are no facts showing Plaintiffs' constitutional rights were violated, the overwhelming weight of the evidence proves that

Plaintiffs' right to be free from excessive force was clearly violated.

      A.    **<u>Defendant Hagerman violated Plaintiffs constitutional right to be free from excessive force.</u>**

Section 42 U.S.C. § 1983 imposes civil liability only upon one "who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir. La. 1981) relying on *Baker v. McCollan*, 443 U.S. 137, 140 (U.S. 1979) (quoting 42.U.S.C. § 1983). The first inquiry in any § 1983 suit, is whether the plaintiff has been deprived of a right "secured by the Constitution and laws." If there has been no such deprivation, the state of mind of the defendant is wholly immaterial *Id*. at 140. **<u>Physical abuse</u>** by police under color of state law may in some circumstances constitute a constitutional deprivation allowing recovery of damages under Section 1983. *Jones v. Hildebrant*, 432 U.S. 183, 189, (1977)(emphasis added). In *Shillingford*, the Fifth Circuit held that the right to be free from state-occasioned damage to a person's bodily integrity is protected by the Fourteenth Amendment guarantee of due process. *Id*. at 265. The right has also been premised on the Fourth Amendment guarantee of "(The) right of … people to be secure in their persons," made applicable to the states by the Fourteenth Amendment. *Id*. (citing *Jenkins v. Averett*, 424 F.2d at 1232). In the instant matter, Plaintiffs have specifically pled that Defendant Hagerman violated Plaintiffs' right to be free from excessive force. (Exhibit A).

      B.    **<u>Defendant Hagerman's actions were not objectively reasonable.</u>**

Under *Graham*, the relevant considerations in determining whether force was

unreasonable includes; "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Graham v. Connor</u>, 490 U.S. 386 (U.S. 1989). Defendant Hagerman's actions were grossly disproportionate to the need for action under the circumstances, and were inspired by reckless disregard rather than merely "careless or unwise excess of zeal" under applicable Fourteenth <u>Amendment</u> standards. (Exhibit F).

Defendants cite to *Bush v. Strain*, which states that "the court should consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and others...'" *Bush,* 513 F. 3d, 492, 501 (5th Cir. 2008). The Incident Report given after Plaintiffs were attacked shows that Plaintiff Demetrius was only checking on his grandmother after she was involved in a motor vehicle accident. Plaintiff Demetrius was causing no problem as he was checking on his grandmother. Plaintiff Demetrius, certainly, caused no threat to Defendant Hagerman or any others involved. Plaintiff Eugenia even informed Defendant Hagerman that Plaintiff Demetrius was her grandson. However, Defendant Hagerman still decided to viciously attack Plaintiff Demetrius, and ultimately, forcefully shove Plaintiff Eugenia to the ground. (Exhibit B). Defendant Hagerman's force was excessive to the need.

Defendants erroneously claim that *Martin v. Chandler*, 2012 U.S. Dist. LEXIS 11758 (N.D. Miss. 2012) is similar to the instant matter. In *Martin,* the plaintiff was a daycare owner that asked the police to move their traffic stop away from the front of her business. Here, Plaintiff Demetrius only reported to the scene to check on his grandmother after she was involved in a motor vehicle accident. Certainly, relatives should be allowed to check on each other without being viciously attacked by police

officers. Defendants' actions were excessive to the need and violates a clearly established constitutional right. Defendants' motion must be denied.

### IV. Defendants Indianola and O'Bannon are liable for their failure to supervise pursuant to the MTCA.

Defendants have asserted an improper argument for Plaintiff in regards to Defendants Indianola and O'Bannon's failure to supervise Defendant Hagerman. However, Defendants are not immune under MTCA. Section 11-46-9(1)(g) of the Mississippi Code Annotated *in its entirety* states:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> (g) Arising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services;
> *Miss. Code Ann*. § 11-46-9(1)(g)

As can be clearly interpreted, the plain language of this portion of the Code refers to the governmental entity's discretionary duty of *providing resources* for hiring of the personnel. If not read in its entirety, as desired by the Defendants, it would certainly *look* as though this portion of the Code was suggesting that governmental entities are immune from liability for the hiring of personnel. However, when placed in the proper context, and read in its entirety, it is clear that this portion of the MTCA refers to the governmental entity's discretionary duty in providing resources for the items listed above, such as "purchasing of equipment, the construction or maintenance of facilities, the hiring of personnel…" *Id*. Further, a governmental official has no immunity to civil action for damages if his breach of legal duty causes injury and: that duty is ministerial in nature, that duty involves use of discretion and official greatly or substantially exceeds his authority and in the course thereof causes harm, **or official commits intentional tort**.

*Grantham v. Mississippi Dept. of Corrections*, 522 So.2d 219 (Miss. 1988). In the present action, even if this Honorable Court finds that the hiring, training, and/or supervision of personnel is a discretionary function, the Defendants are still not entitled to immunity, as shown in *Grantham*. The Defendants breaching of their legal duty of reasonable care in hiring practices, involved use of discretion and caused harm resulting in the commission of an intentional tort. The Defendants are not entitled to immunity. Defendants' motion must be denied.

## CONCLUSION

Defendants have failed to show proof that they are entitled to qualified immunity. Plaintiffs have pled sufficient facts that would lead a jury to conclude that the Defendants' actions violated a clearly established constitutional right, and said actions were not objectively reasonable. Defendants' Motion for Summary Judgment must be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court will deny Defendants' Motion for Summary Judgment, based on the reasons and legal authority set forth herein. Plaintiffs also pray for all other general relief this Honorable Court deems to be fair and just.

Respectfully submitted, this the 28th day of April, 2015.

               Eugenia Campbell and Demetrius
               Campbell, Plaintiffs

            By: /s Tangala L. Hollis
               Carlos E. Moore, MSB. # 100685
               Tangala L. Hollis, MSB # 103301
               Darryl A. Wilson, MSB#104902
               Counsel for Plaintiffs

OF COUNSEL:

**MOORE LAW GROUP, P.C.**
306 Branscome Road
Post Office Box 1487
Grenada, Mississippi 38902-1487
662-227-9940
662-227-9941 – fax

## CERTIFICATE OF SERVICE

I, Tangala L. Hollis, do hereby certify that on the 28th day of April 2015, I had this day served via the ECF system, and/or United States mail a true and correct copy of the above to the following counsel of record:

Michael S. Carr, Esq.
Daniel J. Griffith, Esq.
GRIFFITH & GRIFFITH
P. O. Drawer 1680
Cleveland, MS 38732
danny@griffithlaw.net

Gary Austin, Esq.
City Attorney
P. O. Box 1590
Indianola, MS 38751
austingl@bellsouth.net

SO CERTIFIED this the 28th day of April, 2015.

    /s Tangala L. Hollis
CARLOS E. MOORE, ESQ.
TANGALA L. HOLLIS, ESQ.
DARRYL A. WILSON, ESQ.