IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EUGENIA CAMPBELL and DEMETRIUS CAMPBELL**          **PLAINTIFFS**

**VS**          **CIVIL ACTION NO. 4:14-CV-069-DMB-JMV**

**CITY OF INDIANOLA, MAYOR STEVE ROSENTHAL,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CHIEF RICHARD
O'BANNON, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, and OFFICER SCOTT HAGERMAN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY**          **DEFENDANTS**

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE [DOC. 27] TO MOTION FOR SUMMARY JUDGMENT [DOC. 14]

**COME NOW** Defendants, City of Indianola, Mayor Steve Rosenthal, in his Individual and Official Capacity, Chief Richard O'Bannon, in his Individual and Official Capacity, and Officer Scott Hagerman, in his Individual and Official Capacity, by and through counsel, and file this their Response to Plaintiffs' Supplemental Response to Motion for Summary Judgment for the following reasons, to-wit:

### BACKGROUND

On April 28, 2015, Plaintiffs filed their Supplemental Response in Opposition to Defendants' Motion for Summary Judgment and supporting Memorandum of Authorities **[Docs. 27 and 28]**. Plaintiff's Supplemental Motion and Memorandum present two issues which need to be addressed.

**A. Plaintiff's Supplemental Motion [Doc. 27]**

Plaintiffs add as new exhibits (1) the 30(b)(6) deposition of Indianola and (2) the deposition of Scott Hagerman. These depositions were taken after Defendants' Motion for Summary Judgment

Page -1-

was filed and after the Order limiting issues to qualified immunity was entered. Plaintiffs do not cite to any specific page or line of any deposition in their Supplemental Motion or Memorandum in support of their arguments, but instead only make general allegations that these depositions support Plaintiffs' argument that Defendants' actions were excessive to the need.[1] It is left to the Court to sift through these documents to find evidence in support. Without specific citations to page and line, Defendants are unable to address Plaintiff's allegations with any specificity.

### B. Plaintiff's Supplemental Memorandum [Doc. 28]

Plaintiffs' Memorandum of Authorities is identical to their original Memorandum of Authorities filed October 16, 2014 **[Doc. 21]**, with the exception of <u>one sentence</u> on page 7, which advises that the Circuit Court has now dismissed the criminal convictions against Demetrius Campbell. Defendants now address this new development and its effect on whether qualified immunity remains applicable in the paragraphs outlined below.

## ARGUMENT AND AUTHORITIES

### A. *Heck v. Humphrey* now inapplicable

The reversal of Plaintiff Demetrius Campbell's multiple criminal convictions on March 31, 2015 does impact Defendants' previous position that <u>Heck v. Humphrey</u> bars Plaintiff Demetrius Campbell's excessive force claim.[2] <u>*However*</u>, although Campbell has now been found "not guilty" by the Circuit Court, this determination does not preclude a determination by this Court that Defendant Hagerman is entitled to qualified immunity. A reversal of a criminal conviction determines that there is not enough evidence, beyond a reasonable doubt, that Plaintiff Demetrius

---

[1] See Doc. 27 at paragraph 9.

[2] See Doc. 15 at page 10, paragraph B.

committed the crimes of resisting arrest and failure to comply. The question of whether Officer Hagerman had *probable cause to arrest* - which goes to the heart of qualified immunity - is an entirely separate inquiry and an issue of law to be determined by this Court.

### B. Collateral Estoppel, Qualified Immunity, and MTCA remain dispositive

Despite the reversal of the criminal convictions, Defendant's arguments as to collateral estoppel, qualified immunity and state law claims remain dispositive. To avoid repetition, Defendants refer the Court to these arguments set forth in Defendant's original Memorandum of Authorities **[Doc. 15]** and Rebuttal in Support **[Doc. 22]** that (1) Campbell's civil action is barred by the collateral estoppel effect of the initial probable cause hearing which found in favor of Officer Hagerman (2) As to the question of qualified immunity, Officer Hagerman's actions were objectively reasonable in light of the recent cases of Brooks v. City of West Point, 2014 U.S. Dist. LEXIS 60604 (N. Dist. Miss., May 1, 2014); Martin v. Chandler, 2012 U.S. Dist. LEXIS 11758 (N. Dist. Miss., 2012), and Carney v. Lewis, 2014 WL 7231772 (S.D. Miss Dec 18, 2014)[3] coupled with the fact that Plaintiff Demetrius has *no cognizable injury* (3) Defendants City of Indianola, Mayor Steve Rosenthal, and Chief Richard O'Bannon are not liable for failure to train or supervise due to Hagerman's state law enforcement certification and (4) state law claims are barred by the "reckless disregard" police protection exemption of the Mississippi Tort Claims Act.[4]

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that

---

[3]See generally Brooks v. City of West Point, 2014 U.S. Dist. LEXIS 60604 (N. Dist. Miss., May 1, 2014); Martin v. Chandler, 2012 U.S. Dist. LEXIS 11758 (N. Dist. Miss., 2012), and Carney v. Lewis, 2014 WL 7231772 (S.D. Miss Dec 18, 2014) - all holding that an individual capacity claim against an officer for retaliatory arrest is properly dismissed where there was probable cause to arrest.

[4]Miss. Code Ann §11-46-9(1)(c).

Plaintiffs' cause of action be dismissed.

**Respectfully submitted** this 6th day of May, 2015.

> CITY OF INDIANOLA, MAYOR STEVE ROSENTHAL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CHIEF RICHARD O'BANNON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, and OFFICER SCOTT HAGERMAN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DEFENDANTS
>
> By:  /s/ Michael S. Carr
> Daniel J. Griffith, MSB No. 8366
> Michael S. Carr, MSB No. 102138
> Attorneys for Defendants

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153
Email: mcarr@griffithlaw.net

# CERTIFICATE OF SERVICE

I, Michael S. Carr, counsel of record for Defendants City of Indianola, Mayor Steve Rosenthal, in his Individual and Official Capacity, Chief Richard O'Bannon, in his Individual and Official Capacity, and Officer Scott Hagerman, in his Individual and Official Capacity, do hereby certify that on this day, I electronically filed the foregoing ***Defendants' Response to Plaintiffs' Supplemental Response to Motion for Summary Judgment*** with the Clerk of the Court using the ECF system which gave notification of such filing to the all counsel of record who have appeared in this action.

This the 6th day of May, 2015.

> By:  /s/ **Michael S. Carr**
> Michael S. Carr